**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-10036 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 1:20-cr-00195-JLT-SKO-1 |
| OSHAY LARAY PULLEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted June 3, 2024**
San Francisco, California

Before: S.R. THOMAS and BUMATAY, Circuit Judges, and BENNETT,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Defendant-Appellant Oshay Pullen appeals his conviction for violating 18 U.S.C. § 922(g)(1), which prohibits people convicted of felonies from possessing firearms or ammunition. We have jurisdiction under 28 U.S.C. § 1291. On appeal, Pullen challenges the district court's denial of his motion to suppress evidence.

We review *de novo* the denial of a motion to suppress evidence and the underlying questions of reasonable suspicion and probable cause, and we may affirm on any basis supported by the record. *Ornelas v. United States*, 517 U.S. 690, 691 (1996); *United States v. Estrella*, 69 F.4th 958, 964 (9th Cir. 2023). We review the district court's factual findings for clear error. *Estrella*, 69 F.4th at 964. As the parties are familiar with the history of the case, we need not recount it here. We affirm.

I

The district court did not err in denying the motion to suppress a handgun and magazine discovered during a parole-compliance check on Pullen. At the time of the encounter, Pullen was a California State parolee and was thus "subject to search or seizure by a probation or parole officer or other peace officer at any time of the day or night, with or without a search warrant or with or without cause." Cal. Pen. Code § 3067(b)(3); *see also Samson v. California*, 547 U.S. 843, 846

(2006) (upholding the constitutionality of California Penal Code § 3067(b)(3)). "A parole officer is not required personally to effect the arrest or search of his parolee to validate the arrest or search." *United States v. Butcher*, 926 F.2d 811, 814 (9th Cir. 1991) (citation omitted).

Pullen does not dispute that the search of his person falls within the scope of the statute. The search of the backseat of the car was also permissible. The California Supreme Court has explicitly ruled that § 3067(b)(3) permits searches of a third-party vehicle based on a passenger's parole status so long as "[t]he scope of the search is confined to those areas of the passenger compartment where the officer reasonably expects that the parolee could have stowed personal belongings or discarded items when aware of police activity." *People v. Schmitz*, 288 P.3d 1259, 1272 (Cal. 2012) (*cited with approval in United States v. Korte*, 918 F.3d 750, 754-55 (9th Cir. 2019), *and United States v. Grandberry*, 730 F.3d 968, 981 (9th Cir. 2013)).

Here, police observed that Pullen was crouched in the back seat of the vehicle throughout the drive, and that upon being pulled over, Pullen made a "furtive movement" and changed positions within the vehicle. Based on these observations, police could reasonably expect that Pullen stowed belongings in the back seat, and so they had authority to search that area.

Pullen's primary argument is that the parole-compliance check violated California's prohibition on "arbitrary, capricious, or harassing" parole searches because it involved stopping a moving vehicle, multiple police cars, and officers drawing their weapons. *See Samson*, 547 U.S. at 856. Under California law, a search is "arbitrary, capricious, or harassing" if it is "unrelated to rehabilitative, reformative or legitimate law enforcement purposes, or when the search is motivated by personal animosity toward the parolee." *Estrella*, 69 F.4th at 972 (quoting *People v. Reyes*, 968 P.2d 445, 451 (Cal. 1998)).

The search of Pullen was motivated by legitimate law enforcement purposes: ensuring parole compliance and investigating Pullen's reported gang-related activity.[1]

II

The search and seizure also constituted a valid traffic stop. A traffic stop requires reasonable suspicion that a traffic violation occurred. *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000). Police reasonably suspected that

---

[1] Pullen also argues that the search constituted harassment towards his sister, who was driving the vehicle. Pullen does not have Fourth Amendment standing to vindicate the privacy interests of his sister. *See Alderman v. United States*, 394 U.S. 165, 174 (1969) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.").

the vehicle in which Pullen was a passenger was speeding. Pullen's ankle monitor shows that the vehicle's average speed during several 15-second intervals was greater than the speed limit. Police also reasonably suspected illegal window tinting, because the windows were tinted to some degree and the windows appear to be overly tinted in at least some images.[2] These visual observations are sufficient to establish reasonable suspicion, which does not require conclusive "proof of wrongdoing" or "scientific certainty." *See Kansas v. Glover*, 589 U.S. 376, 381 (2020) (citations omitted); *see also United States v. Wallace*, 213 F.3d 1216, 1217, 1221 (9th Cir. 2000) (finding probable cause of illegal window tinting based on officer's visual observation that it was difficult to see the vehicle's occupants).

Pullen argues that the traffic stop was invalid because it was pretextual, involved force, and did not result in a traffic citation. These are not requirements of a valid traffic stop. *See United States v. Willis*, 431 F.3d 709, 714–17 (9th Cir. 2005) (upholding search based on traffic stop where traffic stop was pretextual,

---

[2] We reject Pullen's suggestion that the district court improperly credited Detective Lara's testimony because Lara claimed to have observed the window tinting from very far away and omitted mention of window tinting during his pre-hearing interview. Lara explained that he was using binoculars, and his omission eighteen months after the encounter in question is more likely to be failure of memory than indicia of engineered testimony.

officers used force due to safety concerns, and officers never mentioned any traffic violation or issued any traffic citation).

Once police executed the traffic stop, they were permitted to frisk Pullen and search the passenger compartment of the vehicle based on their reasonable belief that Pullen was armed and dangerous and may have placed weapons in the vehicle. *See Michigan v. Long*, 463 U.S. 1032, 1047–49 (1983). Pullen has not made any argument to the contrary.

**AFFIRMED**.